**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL MEYER, CHRISTOPHER MEYER, and MICHAEL MEYER CAPITAL GROUP, LLC, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 17-cv-289 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| EVERETT GRADY, KATHRYN GRADY, KAEGEM, CORP., | ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Kaegem, Corp.'s motion to transfer venue to the Central District of Illinois under 28 U.S.C. § 1404 [17]. For the reasons set forth below, Defendant's motion [17] is denied. This case is set for further status on July 6, 2017, at 9:00 a.m.

## I.    Background

This case involves the operations and financial health of Defendant Kaegem, Corp., a nonpublic Illinois corporation that created compliance management software. Defendant Everett Grady is an Illinois citizen and Kaegem's President. [1, ¶ 11.] Defendant Kathryn Grady is an Illinois citizen and Kaegem's Secretary. *Id.* ¶ 12. Plaintiff Michael Meyer is a Missouri citizen and owns 15,000 shares of Kaegem common stock. *Id.* ¶ 7. Plaintiff Christopher Meyer is an Oklahoma citizen and owns 5,000 shares of Kaegem common stock. *Id.* ¶ 8. Plaintiff Meyer Capital Group, LLC ("Meyer Capital") is a Missouri limited liability company and both of its members (Bryan and Jeff Meyer) are Missouri citizens. *Id.* ¶¶ 9–10. Meyer Capital owns 10,000 shares of Kaegem common stock. *Id.* ¶ 9.

Plaintiffs have sued Defendants under the Illinois Business Corporations Act and for breach of fiduciary duty, common law fraud, and unjust enrichment. Plaintiffs argue that Defendants misrepresented Kaegem's financial condition and capitalization in an effort to secure Plaintiffs' investments in 2013 and 2014. During most of the events underlying the complaint, Kaegem's principal place of business was in Mundelein and Libertyville, Illinois—both of which are in Lake County and fall within the Northern District of Illinois. [1, ¶ 13.] By the time Plaintiffs filed their complaint in January 2017, Kaegem had moved its operations to Jacksonville, which is in Morgan County, Illinois and the Central District of Illinois. *Id.* Defendant Kaegem—but not Defendants Everett or Kathryn Grady—filed the instant motion to transfer venue to the Central District of Illinois [17]. Defendant opted not to file a reply in support of its motion.

## II. Legal Standard

28 U.S.C. § 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). This provision authorizes courts to transfer matters based on a "case-by-case consideration of convenience and fairness." *Stewart Organization, Inc. v. Ricoh Corp.,* 487 U.S. 22, 29 (1988). The Seventh Circuit "grant[s] a substantial degree of deference to the district court in deciding whether transfer is appropriate." *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 977–78 (7th Cir. 2010). The party moving to transfer venue (here, one Defendant) "has the burden of establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219–20 (7th Cir. 1986). Courts may transfer a case under Section 1404(a) when "(1) venue is proper in the transferor district; (2) venue is proper in the transferee district;

(3) the transfer will serve the convenience of the parties and witnesses; and (4) the transfer will

serve the interests of justice." *Hanover Ins. Co. v. N. Bldg.. Co.*, 891 F. Supp. 2d 1019, 1025

(N.D. Ill. 2012). The Court considers these factors in turn.

## III. Analysis

### A. Is venue proper in the transferor and transferee districts?

As to the first two factors, Plaintiffs and Defendant Kaegem agree that venue is proper

both in this district and in the Central District of Illinois. [1, ¶ 5; 17, at 2.] Under 28 U.S.C. §

1391(b), "[a] civil action may be brought in—(1) a judicial district in which any defendant

resides, if all defendants are residents of the State in which the district is located; (2) a judicial

district in which a substantial part of the events or omissions giving rise to the claim occurred, or

a substantial part of property that is the subject of the action is situated; or (3) if there is no

district in which an action may otherwise be brought as provided in this section, any judicial

district in which any defendant is subject to the court's personal jurisdiction with respect to such

action." Venue is proper in the Central District under subsection (1) because Kaegem's principal

place of business is Jacksonville and all three Defendants are Illinois residents. See 28 U.S.C.

§ 1391(c)(2) (stating that entity-defendants "shall be deemed to reside * * * in any judicial

district in which such defendant is subject to the court's personal jurisdiction"). Venue is proper

in the Northern District under subsection (2) because, as alleged in the complaint, "a substantial

part of the events or omissions" giving rise to Plaintiffs' fraud-related claims occurred in this

district while Defendant's principal place of business was in Lake County. Therefore, the Court

agrees that venue would be proper in both the Central and Northern Districts of Illinois.

### B. Will transfer serve the convenience of the parties and witnesses?

"In evaluating the convenience of the parties and witnesses, courts weigh the following

factors: (1) the plaintiff's choice of forum; (2) the situs of the material events; (3) the relative

ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience

to the parties of litigating in the respective forums." *Hanover Ins. Co.*, 891 F. Supp. 2d at 1025.

"When evaluating the convenience of a forum to the parties and witnesses, we may consider, for

example, the length and cost of travel, the number of witnesses to be called, the nature of

witnesses' testimony, and witness travel time." *Hutchinson v. Fitzgerald Equip. Co.*, 2016 WL

878265, at *4 (N.D. Ill. Mar. 8, 2016).

First, the "plaintiff's choice of forum is generally given substantial weight, particularly

when it is the plaintiff's home forum." *Aldridge v. Forest River, Inc.*, 436 F. Supp. 2d 959, 960–

61 (N.D. Ill. 2006). That choice is entitled to less deference when "another forum bears a

stronger relationship to the dispute or the plaintiff's choice of forum has no connection to the

material events in question." *Id.* Here, no Plaintiff resides in this district; they reside in either

Missouri or Oklahoma. The Central District is geographically closer to Missouri than this

District. That said, Plaintiffs filed their complaint in the district where they were allegedly

induced to acquire Defendant's shares and remain as shareholders. Thus, Plaintiff's choice of

forum is entitled to some, but not substantial, weight given this forum's connection to the

material events of this suit.

Second, both sides agree that the situs of material events is the Northern District. [17, at

3; 22, at 2–3.] Defendant's principal place of business when the alleged misrepresentations were

made and Plaintiffs purchased Defendant's shares was the Northern District. That situs has not

changed simply because Kaegem moved out of the district after those events took place.

Third, Defendant asserts that its business records are now in Jacksonville and that this

factor should weigh in favor of the Central District. [17, at 3.] "An assertion that most of the

documentary evidence exists in one location, in and of itself, is insufficient to tip the balance in

favor of transfer to that location." *Cont'l Cas. Co. v. Staffing Concepts, Inc.*, 2009 WL 3055374, at *5 (N.D. Ill. Sept. 18, 2009). "In this day and age, transferring documents from one district to another is commonplace and, given the widespread use of digital imaging in big-case litigation, no more costly than transferring them across town." *Rabbit Tanaka Corp. USA v. Paradies Shops, Inc.*, 598 F. Supp. 2d 836, 840 (N.D. Ill. 2009). Indeed, "documents are presumed to be easily transportable." *Carter v. Arise Virtual Sols., Inc.*, 2017 WL 192374, at *2 (N.D. Ill. Jan. 18, 2017). Many of the documents attached to the complaint are emails or other electronic documents. [See, *e.g.*, 1-5.] Defendant offers no reason that its documents cannot be easily transferred to both districts. It is, after all, a software company. Accordingly, this factor does not weigh in favor of either district.

Fourth, "[t]he convenience of witnesses is generally viewed as the most important factor" because party witnesses are within a party's control whereas non-party witnesses "are not assumed to appear in court voluntarily." *Cont'l Cas.*, 2009 WL 3055374, at *6. Defendant fails to identify a single non-party witness. [17, at 3.] Instead, its arguments focuses exclusively on the convenience to *party* witnesses—Everett and Kathryn Grady and the Plaintiffs (*id.*)—which is a different factor. "The party requesting the transfer has the burden of demonstrating who its witnesses are, the nature of their testimony, and how important that testimony will be to the case." *Landis*, 2010 WL 5373664, at *4 (citation and internal quotation marks omitted). In fact, Defendant was "obligated to clearly specify the key witnesses to be called and make at least a generalized statement of what their testimony would have included." *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989). Defendant entirely failed to meet its burden, "suppl[ying] nothing in the way of affidavits, depositions, stipulations, or any other

5

type of document containing facts tending to establish who (specifically) it planned to call or the materiality of that testimony." *Id.* at 1293–94. This failure weighs against transfer.[1]

Fifth, "the Court considers the parties' residences and their ability to bear the expense of litigating in each forum." *Carter*, 2017 WL 192374, at *3. However, "[t]he Court gives less weight to the convenience of party witnesses, who the Court presumes would appear voluntarily at trial in this district." *Id.*; accord *Qurio Holdings, Inc. v. Comcast Cable Commc'ns, LLC*, 2015 WL 535981, at *3 (N.D. Ill. Feb. 9, 2015) ("[T]he overwhelmingly predominant view among district courts in the [Seventh C]ircuit is that because party witnesses are likely to appear voluntarily, the convenience factor is less significant with regard to party witnesses than non-party witnesses."); *Cent. States, Se. & Sw. Areas Pension Fund v. Salasnek Fisheries, Inc.*, 977 F. Supp. 888, 891 (N.D. Ill. 1997) ("Presumably, each party can assure the testimony of its employees, so the convenience of those witnesses does not weigh in favor or against transfer."). Defendant argues that the Central District is closer to where all parties reside and "[p]resumably, all [p]arties['] costs in litigating the Central District would be less based on their respective locations." [17, at 4.] Section 1404(a) requires a party to do more than presume the costs and travel would be easier for all parties. Plaintiffs argue (and Defendants do not contest) that "Chicago offers the out-of-town Plaintiffs significantly more transportation options compared to Springfield" and "it will be more convenient for Plaintiffs to fly to Chicago, during which they would not lose time at work, rather than spend hours driving to Springfield." [22, at 6.] Moreover, related parties are already litigating another case in the Northern District. See *Meyer*

---

[1] Defendant makes the alternative request to "be provided the opportunity to conduct limited discovery to" identify non-party witnesses [17, at 4]. Defendant does not justify that request. If Defendant does not plan to call a single non-party witness on its behalf and cannot come up with a single non-party witness that Plaintiffs will call to support their claims based on a reasonable investigation of its own records, the Court is not persuaded that discovery into Plaintiff's witnesses would be fruitful. Defendant cannot get a one-sided sneak peek at Plaintiffs' initial disclosures under Federal Rule of Civil Procedure 26(a)(1) simply because it filed a motion to transfer without sufficient supporting evidence.

*Technology Solutions, LLC v. Kaegem Corp.*, Case No. 17-cv-281 (N.D. Ill.). Defendant filed an almost identical motion in that case, which was denied. Given that the districts neighbor each other, Plaintiff offers little more than speculation to show that one district is less costly and easier to travel to for all parties. At best, this factor is neutral.[2]

In sum, factors one, two, and four weigh in favor of this District and factors three and five are neutral. Thus, considering all five factors, Defendant has failed to satisfy its burden that the Central District of Illinois is "clearly" a more convenient forum than the Northern District of Illinois. *Coffey*, 796 F.2d at 219–20.

### C.     Will transfer serve interests of justice?

"In considering the interests of justice, courts weigh additional factors, including: (1) the speed at which the case will proceed to trial; (2) the court's familiarity with the applicable law; (3) the desirability of resolving controversies in each locale; and (4) the relation of each community to the occurrence at issue." *Hanover Ins. Co.*, 891 F. Supp. 2d at 1025.

Defendant concedes that the first factor weighs in favor of retention. [17, at 5.] The median number of months from filing to disposition in the Northern District of Illinois is 6.7 months, while the median number in the Central District is 9.2 months. [17-2, at 3.] The median number of months between filing and trial in the Northern District is 29 months, while it is 36.7 months in the Central District. *Id.* Both the Central District and the Northern District are equally familiar with Illinois law, so this second factor is neutral. Both districts also have an interest in this dispute since this controversy began and took place in the Northern District, while

---

[2] The parties' subscription agreement contains a forum selection clause that reads: "In the event of litigation resulting from this Agreement, the venue for such litigation shall be the state courts of Lake County, Northern District of Illinois." [22-2, at 10.] At a minimum, this provision weighs in favor of the proposition that Kaegem found Lake County a sufficiently convenient location to litigate disputes related to the subscription agreement. Defendant does not argue that the extra distance it takes to reach Chicago meaningfully changes the convenience calculus under Section 1404(a).

the Central District "has an interest in ensuring its corporations receive a fair trial." *Carter*, 2017 WL 192374, at *4.  Accordingly, both the desirability of resolving the controversy in each locale and the community's relation to this case are neutral factors.  Thus, three of these factors are neutral and one weighs in favor of the Northern District.  Taken as a whole, justice could be accomplished in either district, which means that it is not necessary to serve those interests by transferring this case to the Central District of Illinois.

In sum, the Court concludes that the overall balance of factors warrants retention of this case in the Northern District of Illinois.  No factor clearly warrants transfer to the Central District, and several factors—including the Plaintiffs' choice of forum, the situs of material events, and speed at which this case will proceed to trial—weigh in favor of the Northern District of Illinois.  Defendant's decision not to respond to any Plaintiff's arguments (or offer much support for its own) reinforces the conclusion that it will not be materially inconvenienced by litigating here.  Therefore, the Court denies Defendant's motion to transfer [17].

## IV.    Conclusion

For these reasons, Defendant Kaegem, Corp.'s motion to transfer venue to the Central District of Illinois pursuant to 28 U.S.C. § 1404 [17] is denied.  This case is set for further status on July 6, 2017, at 9:00 a.m.

Dated: June 6, 2017                           _____
                                              Robert M. Dow, Jr.
                                              United States District Judge